[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
This is an appeal from a decision of the Board of Review holding that the plaintiff is disqualified from receiving unemployment compensation benefits because of felonious conduct. Victoria Shepley was tenured public school teacher at RHAM High School until February 4, 1999, when she resigned under threat of termination for possession of cocaine on September 8, 1998, while off duty and away from school premises.
In an appeal from the Administrator's denial of the plaintiff's claim for benefits, a referee decided that she was not eligible for benefits for off-duty felonious conduct because at the time she was not a "public trust employee." The Board of Review reversed this decision, concluding CT Page 13065 that plaintiff was a public trust employee and, therefore, was ineligible for benefits for off-duty conduct. The plaintiff subsequently filed a timely appeal to the Superior Court from the Board of Review's decision.
The Administrator has adopted regulations that delineate the circumstances under which off-duty conduct will be considered to have occurred in the course of employment. This regulation reads as follows:
 (c) Off-duty misconduct may be considered to have occurred in the course of employment if it is committed by a public trust employee.
(1) An individual may be found to be a public trust employee if:
 (A) his primary role and job function is to serve as a guardian of the public trust and safety; (B) his job effectiveness is expressly dependent on the public's respect and confidence, both on and off duty; (C) the individual has explicit written notice of the expected standard of off-duty conduct; and (D) public trust employees may include, but are not limited to, police officers, teachers and correctional officers.
In this case, the plaintiff contends that she lacked explicit written notice of an expected off-duty behavior and did not consent to the application of that standard of behavior.
The plaintiff's argument ignores the finding of fact made by the Board which are binding on this court in the absence of a Motion to Correct. The Board explicitly found the following regarding plaintiff's notice that she could be discharged for "moral misconduct" in accordance with C.G.S. § 10-151 (d). The findings of the Board compel a conclusion that the plaintiff was discharged for felonious conduct or wilful misconduct in the course of employment. They establish that the plaintiff had explicit written notice of the expected standard of off-duty conduct and had agreed to the expected standard of off-duty conduct in accordance with a Regs. Conn. Agencies § 31-236-26 (c).
The plaintiff contends that there is an insufficient factual basis for the Board's finding that she had received explicit written notice of the expected standard of off-duty conduct. The first basis for this argument ignores the Board's finding of fact that the plaintiff's employment conduct specifically provided that she could be terminated for moral misconduct. The plaintiff contests this finding based upon her reading of the collective bargaining agreement in question. The plaintiff's failure CT Page 13066 to file a Motion to Correct, however, precludes a review of the Board's factual findings, therefore, the plaintiff's reading of the collective bargaining agreement is irrelevant. Even though the plaintiff disagrees with the Board's finding, the court finds that it has no choice but to accept them since there was no Motion to Correct the Board's findings.
The Board found as a fact that on September 11, 1998, at 5:30 pm, the Willimantic Police arrested her for possession of cocaine. She had cocaine in her jeans pocket. The arrest occurred after the claimant's hours of work, away from the employer's premises, at a time when she was not performing her duties of her job. Even though she was not convicted of the offense, and apparently accepted accelerated rehabilitation and community service, the court's findings cannot be challenged. At the referee's hearing, the plaintiff admitted to having a small quantity of cocaine in her jeans on September 11, 1998 when she was arrested. The sole issue in this case comes down to the question of whether or not she had explicit notice of the expected standard of off-duty conduct. Since the Board found this to be a fact, the court cannot overrule such finding, and must uphold the decision of the Board and dismiss the appeal.
D. Michael Hurley, Judge Trial Referee